SCHRAMME v. LEWINSON et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1908.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—ACTS OR OMISSIONS CONSTITUTING NEGLIGENCE—REQUIREMENTS OF STATUTES—"WALL BEARING."

Labor Law, Laws 1897, p. 468, c. 415, § 20, relating to the protection of persons employed on buildings in cities, which provides that, if the floor beams are of iron or steel, the contractors for the iron or steel work of buildings in course of construction or the owners of such buildings shall thoroughly plank over the entire tier of iron or steel beams on which the structural or steel work is being erected, except certain specified spaces, is not limited to any particular class of buildings, and a contractor or the owners were not excused from complying with the statute because the job was a "wall bearing job," in which the iron floor beams projecting into brick walls rested on the walls themselves, instead of on other structural iron or steel work.

2. SAME.

The requirement that the tier be thoroughly planked over was not intended solely to prevent the falling of objects on those working below, but was also intended for the benefit of the men laying the floor beams.

3. SAME—ACTIONS—TRIAL—QUESTIONS FOR JURY.

In an action by an iron and steel worker for injuries sustained because defendants had not thoroughly planked over the entire tier of beams on which he was working, as provided by Labor Law, Laws 1897, p. 468, c. 415, § 20, relating to the protection of persons employed on buildings in cities, whether defendants' failure to comply with the statute was the cause of the injuries *held* a question for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1000–1016.]

4. SAME.

In such an action, whether plaintiff was guilty of contributory negligence, and whether he assumed the risk, were questions for the jury.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 1068–1132.]

Appeal from Trial Term.

Action by Kate Schramme, as executrix, etc., of Frederick Schramme, against Maximilian Lewinson, and others. A verdict for

plaintiff was set aside, and a verdict for defendants directed by the trial court. From the judgment for defendants entered on the directed verdict, plaintiff appeals. Reversed, and verdict for plaintiff reinstated.

See 123 App. Div. 662, 107 N. Y. Supp. 1075.

Argued before WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Lehman & Telsey, for appellant.
John C. Robinson, for respondents.

MILLER, J. This suit was brought by the plaintiff's intestate. The jury rendered a verdict in favor of the plaintiff for $11,000. The trial court set aside the verdict, and directed one for the defendants. The plaintiff has been substituted in place of her intestate, who died since the trial. The plaintiff's intestate was an iron worker in the respondents' employ, engaged in placing iron beams for the fourth floor of a building in process of erection in the city of New York. Upon his version of the accident the beams for the third floor had all been laid. They were not planked over, but a runway, two planks wide, had been laid across the beams, and, as plaintiff's intestate stepped upon it, after having assisted in setting a beam for the floor above, it fell, precipitating him to the cellar below, causing the injuries complained of. The complaint alleged but one ground of negligence—i. e., that the defendants had not thoroughly planked over the entire tier of beams on which the plaintiff's intestate was working, as required by section 20 of the labor law (Laws 1897, p. 468, c. 415)—and the learned trial justice clearly defined the issues of fact for the jury in accordance with the pleadings and the proof. The principal question of fact submitted to the jury was whether the entire third tier of beams had been constructed, as the plaintiff testified, or whether he was then at work laying the beams on that floor, as the defendants contended. Said section 20 of the labor law is headed, "protection of persons employed on buildings in cities." Eliminating the provisions which do not apply to the question in hand, it provides:

"If the floor beams are of iron or steel, the contractors for the iron or steel work of buildings in course of construction or the owners of such buildings, shall thoroughly plank over the entire tier of iron or steel beams on which the structural iron or steel work is being erected, except such spaces as may be reasonably required for the proper construction of such iron or steel work, and for the raising or lowering of materials to be used in the construction of such building, or such spaces as may be designated by the plans and specifications for stairways and elevator shafts."

If said statute applies to this case, it must be conceded that a question was presented for the jury whether the defendants' failure to comply with the statute was the cause of the injuries to plaintiff's intestate; but it is argued that the statute does not apply, for the reason that the job was known as a "wall bearing job," the iron floor beams being laid in the brick wall, instead of on structural iron work in the walls. We think this construction of the statute is too narrow. The statute applies to the construction of buildings in cities, and is not limited to any particular class of buildings. It is undisputed that the floor beams in this building were of iron or steel; hence the statute applied and

required the contractor to thoroughly plank over the entire tier on which the structural iron or steel work was being erected, except reasonable spaces for the raising or lowering of materials or such as were designated for stairways and elevator shafts. The "structural iron or steel work" in this case consisted of the floor beams. It was being erected, according to the plaintiff's evidence, upon the tier on which the plaintiff's intestate was working; and it seems to us quite immaterial whether the ends of the beams projecting into the walls rested on other structural iron or steel work, or on the brick wall, because, of course, each tier of beams was supported by the wall and by the tier below. It was therefore the duty of the defendants to thoroughly plank over the tier on which the plaintiff's intestate was working, and the jury were at liberty to find that the failure to discharge that duty was the cause of his death. It does not appear on what ground the learned trial justice set aside the verdict of the jury, but judging from the charge he seemed to have some doubt whether the requirement of the statute that the tier be thoroughly planked over was not intended solely to prevent the falling of objects on those working below. The learned counsel for the respondent does not urge that construction, and we think it may fairly be inferred that the statute was intended for the benefit of the men laying the floor beams, as well as those working below.

The defendants assert that the plaintiff's intestate was guilty of contributory negligence, and that he assumed the risk. These questions were for the jury, and were clearly submitted by the learned trial justice.

The judgment should be reversed, and the verdict reinstated.

Judgment reversed, with costs, and verdict unanimously reinstated. All concur.